Hosea Austin, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 2, 1983:

Hosea Austin (petitioner) appeals an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief from the Board's recommitment order.

On August 10, 1976, the Board ordered recommitment of the petitioner based upon a guilty plea which he entered in connection with a bank robbery. This order directed that the petitioner be "recommitted when available," the length of the recommitment not being specified. The petitioner then served a term of 61 months for the bank robbery in a federal penitentiary and, when he was paroled from that sentence, he was transferred to the State Correctional Institution at Graterford and made available to the Board. On May 22, 1981 the Board reaffirmed its recommitment action of August 10, 1976 and ordered that the petitioner serve 24 months.

The petitioner argues that, inasmuch as there was a lapse of 61 months between the time of the Board's initial determination to recommit him and its specification that the recommitment was for 24 months, he was denied due process of law. He contends that he was prejudiced because of the delay, and that he is therefore entitled either to "a dismissal of the parole charges" or to "a new hearing."

The Board contends that the petitioner was not available to serve his parole violation time until *after* he had served his federal sentence, and that, within 19

days of his being made available to the Board, it reviewed his case and reaffirmed its previous recommitment action. The Board concludes, therefore, that the petitioner had his revocation hearing in a timely manner shortly after his conviction, and that no further hearings were necessary.

A review of the record indicates that the petitioner *was* afforded a timely revocation hearing, at which he was represented by counsel. Additionally, the Board reviewed this recommitment action within 19 days of the date that the petitioner became "available". We are unaware of any support for the petitioner's contention that he has a right to an *additional* hearing, and he has not cited any authority which supports this theory.

Inasmuch as the petitioner is not entitled to another hearing, we will affirm the Board's order.

### ORDER

AND, Now, this 2nd day of September, 1983, the order of the Pennsylvania Board of Probation and Parole in the above-captioned case is hereby affirmed.